UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **BLANDITE HENRICE,**<br><br>    Plaintiff,<br><br>vs.<br><br>**GC SERVICES, LP, and DOES 1 through 10, inclusive,**<br><br>    Defendant. | Civil Action No.:<br><br><br>**VERIFIED COMPLAINT and DEMAND FOR JURY TRIAL** |

Nature of the Action

1.    This is an action for statutory damages brought by Plaintiff, Blandite Henrice, an individual consumer, against Defendant, GC Services, LP, for violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

Parties

2.    Plaintiff, Blandite Henrice, is a natural person with a permanent residence in West Hempstead, Nassau County, New York 11552.

3. Upon information and belief, the Defendant, GC Services, LP, is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 6330 Gulfton St, Suite 300, Houston, Harris County, Texas 77081. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due to another.

4. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## Jurisdiction and Venue

5. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Venue in this District is proper in that the Defendant transacts business here.

## Factual Allegations

6. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the

transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff from phone number 516-204-4052 at her cell phone number 516-444-9563 and threatened to garnish Plaintiff's wages.

8. Defendant has no standing to commence garnishment proceedings on behalf of the creditor.

9. Defendant is a debt collection company and as a debt collection company attempting to collect on an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings which could result in garnishment.

10. The representations made to Plaintiff by Defendant regarding garnishment were false.

11. Within one (1) year preceding the date of this Complaint and during the first thirty (30) days of communicating with Plaintiff, Defendant called Plaintiff's cell phone 516-444-9563, in connection with the collection of the alleged debt, from phone number 516-204-4052 and demanded payment on the alleged debt without also informing Plaintiff that Plaintiff

could dispute the validity of the alleged debt and thereby overshadowed the Plaintiff's right to dispute the validity of the debt.

12.     The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

13.     Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff.

1ST CLAIM FOR RELIEF

14.     Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

15.     Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

    (a)     Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

    (b)     Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the garnishment of wages of any person when such action is unlawful and the Defendant does not intend to take such action; and

4

    (c)    Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

    (d)    Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt.

16. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

17. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Blandite Henrice, for statutory damages, costs and attorney fees.

## 2ND CLAIM FOR RELIEF

18. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

19. The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY CLS GBL § 349.

20. Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY CLS GBL § 349.

21. Plaintiff has suffered and continues to suffer as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by Defendants.

22. By virtue of the foregoing, Plaintiff is entitled to injunctive relief enjoining Defendant from the unlawful acts and practices. NY CLS GBL § 349(h).

23. By virtue of the foregoing, Plaintiff is entitled to recover trebled, or fifty dollars ($50.00) whichever is greater together with reasonable attorney fees. NY CLS GBL § 349(h).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, GC Services, LP, for the following:

A. Statutory damages.

B. Costs and reasonable attorney fees.

C. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

D.  For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Blandite Henrice, demands trial by jury in this action.

Date: January 15, 2014

RESPECTFULLY SUBMITTED,

By: /s/ Shireen Hormozdi
Shireen Hormozdi
Hormozdi Law Firm, LLC
1770 Indian Trail Lilburn Road
Suite 175
Norcross, GA 30093
Tel: 678-395-7795
Tel: 323-988-2400 x267
Fax: 866-929-2434
shireen@hormozdilaw.com
*Counsel for Plaintiff,*
*Blandite Henrice*